IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES B.O.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN,<br><br>Respondent. | Civil No. 1:26-cv-08314-MWJS<br><br>ORDER DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 222-557-424 |

**ORDER DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Andres B.O.[1] is an immigration detainee proceeding with a first amended petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 12.

Petitioner entered the country without inspection more than nineteen years ago. *See Adres B.O. v. Warden of the Cal. City Corr. Ctr.*, No. 1:26-cv-04683-MWJS, 2026 WL 1852655, at *1 (E.D. Cal. June 25, 2026). He has been detained by immigration authorities since June 2026. *Id.*

Petitioner previously filed a habeas petition arguing that he was entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* The court granted the petition in part, and

1 For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner received a bond hearing. *See* Status Report, *Andres B.O.*, No. 1:26-cv-04683-MWJS (E.D. Cal. July 6, 2026), Dkt. No. 9. After that hearing, an immigration judge denied Petitioner's request for a change in custody status. *Id.*

On July 28, 2026, an immigration judge ordered Petitioner's removal. *Andres B.O. v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-06976-MWJS, 2026 WL 2836389, at *1 (E.D. Cal. Sept. 21, 2026). Petitioner appealed his removal order to the Board of Immigration Appeals (BIA), and that appeal remains pending. *Id.*

In September 2026, Petitioner filed a second habeas petition. *Id.* In that petition, Petitioner argued that his continued detention was unlawful because it violated his rights under the Due Process Clause of the Fifth Amendment. *Id.* The court dismissed the petition without prejudice. *Id.* at *2. In doing so, the court concluded that Petitioner had not shown that his detention exceeded the period reasonably necessary to bring about his removal. *Id.*

On October 8, 2026, Petitioner signed the first amended petition now before the court. Dkt. No. 12, at pg. 8. In this petition, Petitioner again argues that his current detention is unlawful because it violates his rights under the Fifth Amendment's Due Process Clause. *Id.* at pg. 6. He also challenges the conditions of his confinement. *Id.* Respondent filed a response, Dkt. No. 14, and Petitioner did not file a reply.

As the court has already concluded, Petitioner is currently detained under 8 U.S.C. § 1226(a). The Ninth Circuit has held that the government's detention

authority under that subsection is "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (cleaned up).

Petitioner notes that he has been detained for "more than four months." Dkt. No. 12, at pg. 6. Although the government's detention authority under 8 U.S.C. § 1226(a) might yield to constitutional considerations when a noncitizen is "stuck in a removable-but-unremovable limbo," the lack of a certain end date, without more, does not render a noncitizen's detention indefinite. *Prieto-Romero*, 534 F.3d at 1063. A noncitizen detained under 8 U.S.C. § 1226(a) "remains *capable* of being removed—even if it has not yet finally been determined that he *should* be removed—and so the government retains an interest in assuring his presence at removal." *Id.* at 1965 (cleaned up). Thus, the fact that a period of detention under 8 U.S.C. § 1226(a) extends even far beyond six months does not necessarily mean that it is indefinite. *Id.* at 1068 (concluding that non-citizen's three-plus years of detention under 8 U.S.C. § 1226(a) was lawful).

Petitioner does not explain why nor does anything in the current record suggest that Petitioner's current detention is not reasonably necessary to bring about his removal. Indeed, nothing suggests that Petitioner cannot be removed once administrative and any eventual judicial review of his removal order is complete. In addition, Petitioner has already received all the process he is due—namely, a bond

hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, as ordered by the court.

To the extent Petitioner challenges the conditions of his current confinement—based on the adequacy of his medical care, overcrowding, violence, and sanitation, to name a few—such claims are not cognizable in a habeas proceeding and must be raised, if at all, in a civil rights action. *See Crawford v. Bell*, 599 F.2d 890, 891–92 (9th Cir. 1979); *Brown v. Blanckensee*, 857 F. App'x 289, 290 (9th Cir. 2021); *Cesar G.R. v. Warden*, Cal. City Det. Facility, No. 1:26-cv-04231-MWJS, 2026 WL 1765351, at *3 (E.D. Cal. June 18, 2026).

The court therefore DISMISSES the petition without prejudice. *See, e.g.*, *Marco A.A.T.*, No. 1:26-cv-07936-MWJS, 2026 WL 3134683, at *2 (E.D. Cal. Oct. 20, 2026); *Garcia v. Warden of the Cal. City Corr. Ctr.*, No. 2:26-cv-00511-JLT-CDB (HC), 2026 WL 3168215, at *7–8 (E.D. Cal. Oct. 21, 2026). This dismissal does not foreclose Petitioner from filing another petition if, at some point, he is able to show that his detention has extended beyond the period reasonably necessary to effectuate his removal. Nor does it preclude Petitioner from requesting another bond hearing before an immigration judge, if his circumstances materially change. *See* 8 C.F.R. § 1003.19(e); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

//

//

//

//

Given the foregoing, Petitioner's motion for temporary restraining order, Dkt. No. [2], and motion for immediate release, Dkt. No. 15, are DENIED as moot. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: November 6, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge